# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07 CR 843-7 |
| ) | |
| REGINALD BOOKER, ) | Judge Joan H. Lefkow |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Defendant Reginald Booker moves to reduce his sentence under § 404 of the First Step Act, Pub. L. 115-391, 132 Stat. 5194, § 404 (2018). The motion (dkt. 1536) is granted and Booker's custodial sentence is reduced to 120 months. All other terms of his original sentence remain in effect.

## BACKGROUND

On January 27, 2009, Booker pleaded guilty to conspiracy knowingly and intentionally to distribute and possess with intent to distribute mixtures containing 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846. (Dkts. 173, 482.) In the factual basis of his plea agreement, Booker admitted that "the total amount of drugs distributed by defendant and by defendant's co-conspirators that was reasonably foreseeable to defendant through the course of the conspiracy was over 4.5 kilograms of cocaine base in the form of crack cocaine." (Dkt. 483 at 5.)

On April 16, 2010, Booker appeared for sentencing. (Dkt. 855.) At that time, the offense to which Booker pleaded guilty carried a mandatory minimum of 10 years' imprisonment. 21 U.S.C. § 841(b)(1)(A). This court determined that Booker had a total offense level of 38 and a criminal history category of II, which resulted in a Guidelines sentencing range of 262–327

months, and sentenced Booker to a 160-month sentence of imprisonment and 5 years of supervised release. (Dkt. 855.)

Congress later changed the cocaine sentencing ranges because they "imposed upon an offender who dealt in powder cocaine the same sentence it imposed upon an offender who dealt in one one-hundredth that amount of crack cocaine." *Dorsey* v. *United States*, 567 U.S. 260, 263, 132 S. Ct. 2321 (2012). The Fair Sentencing Act of 2010 increased the weight of crack cocaine required to trigger certain mandatory minimums. *Id.* at 264. Of importance here, the Fair Sentencing Act "increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum." *Id.* at 269. In other words, while an individual convicted of possessing 50 grams or more of crack cocaine previously faced a 10-year mandatory minimum, he must now possess more than 280 grams to trigger that minimum. Pub. L. 110-220, 124 Stat. 2372, § 2(a)(1) (2010). Similarly, where such an individual possesses in excess of 28 grams to 280 grams, the mandatory minimum is now 5 years. *Id.* § 2(a)(2).

In 2018, Congress passed the First Step Act making the Fair Sentencing Act's crack cocaine sentencing ranges retroactively applicable to those convicted of qualifying crimes before 2010. Pub. L. 115-391, 132 Stat. 5194, § 404 (2018). Under the First Step Act, "[a] court that imposed a sentence for a covered offense may . . . impose a sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). A "covered offense" is "a violation of a Federal criminal statute," whose penalties the Fair Sentencing Act modified but was committed before August 3, 2010. *Id.* § 404(a). Congress imposed two limitations on relief: (1) if the defendant's sentence was already imposed

2

or reduced under the Fair Sentencing Act and (2) if a court has already rejected the defendant's motion under the First Step Act. *Id.* § 404(c).

On February 5, 2019, Booker moved *pro se* for relief under 18 U.S.C. § 3582 (or 28 U.S.C. § 2255)[1] and § 404 of the First Step Act. (Dkt. 1536.) The court appointed counsel, who supplemented his motion for a reduced sentence under § 404. (Dkt. 1551.)

## ANALYSIS

### I. Eligibility

The government contends that Booker is not entitled to relief under the First Step Act because his actual offense conduct involved more than 4.5 kilograms of cocaine base, which satisfies and far exceeds both the original threshold of 50 grams and the amended threshold of 280 grams of cocaine base. Booker counters that it is not the underlying conduct that controls eligibility for relief, but the statutory weight charged in the indictment.

To the court's knowledge, nearly every court to address the issue agrees with Booker—eligibility for relief under the First Step Act is determined by the amount charged in the indictment, not the amount admitted in the plea agreement or found at sentencing. *See United States* v. *Martinez*, No. 04-CR-48-20 (JSR), 2019 WL 2433660, at *3 (S.D.N.Y. June 11, 2019) (noting that most courts to address the issue have found eligibility to be determined by amount charged in indictment); *see also, e.g., United States* v. *Dodd*, 372 F. Supp. 3d 795, 797 (S.D. Iowa 2019) (noting that "[t]he First Step Act . . . applies to offenses and not conduct"); *United States* v. *Pierre*, 372 F. Supp. 3d 17, 22 (D.R.I. 2019) (noting that the court "should look to

---

[1] The court construes Booker's motion as one brought under 18 U.S.C. § 3582(c)(1)(B), which permits modification of an imposed term of imprisonment to the extent expressly permitted by statute. *See United States v. Kamber*, No. 09-CR-40050-JPG, 2019 WL 399935, at *2 (S.D. Ill. Jan. 31, 2019) (concluding that proper vehicle for the court to reduce sentence in light of § 404 of the First Step Act is 18 U.S.C. § 3582(c)(1)(B)).

3

whether the offense of conviction was modified by the Fair Sentencing Act . . . [and] refrain from delving into the particulars of the record to determine how [a] specific defendant committed his or her offense of conviction, and how those facts would have hypothetically affected the charges brought against the defendant under the new statutory regime"); *United States* v. *Powell*, 360 F. Supp. 3d 134, 139 (N.D.N.Y. 2019) (holding defendant eligible for relief because "[t]he drug type and quantity used to set the statutory range under the First Step Act of 2018 is the quantity charged in the indictment and found by a jury beyond a reasonable doubt"); *United States* v. *Allen*, No. 3:96-cr-00149-RNC-3, 2019 WL 1877072, at *2–4 (D. Conn. Apr. 26, 2019) (finding eligibility determined by amount charged in indictment, not amount found at sentencing hearing); *United States* v. *Davis*, No. 07-CR-245S (1), 2019 WL 1054554, at *2–3 (W.D.N.Y. Mar. 6, 2019) (finding eligibility for relief under First Step Act determined by "the statute of conviction, not actual conduct"); *United States* v. *Laguerre*, No. 5:02-CR-30098-3, 2019 WL 861417, at *1(W.D. Va. Feb. 22, 2019) (holding defendant charged with offense involving 50 grams or more of crack but sentenced based on 1.5 kilograms of crack eligible for relief). *But see United States* v. *Blocker*, 4:07CR36-RH, 2019 WL 2051957, at *3–4 (N.D. Fla. Apr. 25, 2019) (finding that the "indictment-controls theory" misreads the statute and is demonstrably inconsistent with Congress's intent).

As other district courts have concluded, this court finds that the phrase "violation of a Federal criminal statute," in the definition of a "covered offense" under section 404(a) of the First Step Act, refers to the amount charged in the indictment on which a defendant was convicted, not the amount admitted to in the plea agreement or otherwise attributed to him or her by judicial finding. In other words, "[u]nder the plain language of [Section 404], whether an

4

offense is a 'covered offense' is determined by examining the statute the defendant violated." *Davis*, 2019 WL 1054554, at *3.

Booker was thus sentenced for a "covered offense"—he pleaded guilty to violating a statute applicable to an offense involving 50 grams or more of crack cocaine, and the statutory penalty for this offense was modified by the Fair Sentencing Act. He is also not subject to either exclusion in § 404(c).

## II.  Relief

Having found that Booker is eligible for relief, the court must determine what relief, if any, to award. The First Step Act provides, "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. 115-391, 132 Stat. 5194, § 404(b) (2018).

For the reasons discussed above, if section 2 of the Fair Sentencing Act had been in effect at the time Booker committed his covered offense, the "50 grams or more" charged in the indictment would have triggered a 5-year mandatory minimum and 40-year maximum, rather than a 10-year mandatory minimum and a maximum of life. Such a substantial change in the mandatory minimum and maximum warrants some relief for Booker.

Booker has been in custody since June 24, 2009, nearly ten years. During that time, he has taken numerous educational courses, and successfully passed General Education Development testing in 2015. He has also completed parenting classes to help him contribute to the lives of his four children upon his return to the community. And he has maintained employment while in prison, working as a cook in the kitchen and a facilities worker. Booker plans to live with his mother and work with his uncle at a meat packing facility after his release.

Moreover, it is unlikely that three-plus additional years of continued imprisonment are required to deter him (and others) any more than has been accomplished in the ten years served. Because the Fair Sentencing Act and the First Step Act reflect Congress's judgment that shorter prison sentences adequately reflect the seriousness of crack cocaine offenses, reduction of Booker's sentence aligns the statutory purposes of sentencing with the goal of the reform legislation.

Considering all these factors together, the court concludes that reducing Booker's sentence to 120 months is sufficient but not greater than necessary to accomplish the sentencing goals in 18 U.S.C. § 3553(a).[2]

## ORDER

Reginald Booker's motion for sentence reduction under § 404 of the First Step Act (dkt. 1536) is granted. Booker's custodial sentence is reduced to 120 months. All other terms and conditions of the previous judgment imposed on April 16, 2010 (dkt. 855), remain in effect. Booker should be released immediately. Amended judgment order to follow.

Date: June 20, 2019

_____
U.S. District Judge Joan H. Lefkow

---

[2] Although the court considers the factors in 18 U.S.C. § 3553(a) in reducing Booker's sentence, it declines to conduct a "plenary" or "de novo" resentencing in any broader sense. "Nearly every other court to address the issue has held that the First Step Act does not contemplate plenary resentencings." *Martinez*, 2019 WL 2433660, at *3 (finding as such but considering § 3553(a) factors in determining whether defendant was eligible for sentence reduction under section 404 of the First Step Act); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited June 20, 2019) ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").